**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIDFIRST BANK,<br><br>　　　　　Plaintiff,<br>　v.<br>BRIAN E. LANTERMAN, et al.,<br>　　　　　Defendants. | Case No.: 1:11-cv-01843 AWI JLT<br><br>ORDER REMANDING THE MATTER TO THE KERN COUNTY SUPERIOR COURT |

Brian E. Lanterman and Patricia A. Lanterman ("Defendants") seek removal of an unlawful detainer action filed by Plaintiff Midfirst Bank ("Plaintiff") in Kern County Superior Court. (Doc. 1). For the following reasons, the matter is **REMANDED** to Kern County Superior Court.

**I.　Procedural History**

Plaintiff commenced this action by filing a "Complaint for Unlawful Detainer" pursuant to Cal. Code of Civ. Pro. § 1161a(b)(3) in Kern County Superior Court against Defendants on May 24, 2011, in Case No. K-1502-CL-3128. (Doc. 1 at 11). Defendants assert they "filed a demurrer to the Complaint based on a defective notice, i.e., the Notice to Occupants to Vacate Premises," and that Plaintiff "failed to comply with The Protecting Tenants at Foreclosure Act." *Id.* at 2.

On November 4, 2011, Defendants filed a "Notice of Removal of Case to Federal Court" (Doc. 1). Defendants contend the Court has subject matter jurisdiction over the matter. *Id* at 2-3. The Court issued civil case documents and set a scheduling conference for February 23, 2012 (Doc. 3), but the parties failed to appear. (Doc. 6).

## II. Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction"). Consequently, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

///

///

### III. Discussion and Analysis

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392). Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Plaintiff's complaint filed in the state court asserted a single cause of action for unlawful detainer. (Doc. 1 at 11). Importantly, an unlawful detainer action does not arise under federal law, but arises instead under state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Because there is no federal question appearing in Plaintiff's complaint, Defendants are unable to invoke federal subject matter jurisdiction.

### IV. Conclusion and Order

Under 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." As discussed above, the Court lacks jurisdiction over this matter, because no federal question appears in Plaintiff's complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. The matter is **REMANDED** to Kern County Superior Court; and
2. The Clerk of Court is **DIRECTED** to close this matter, because this Order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:  **February 24, 2012**                                  /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE